**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


                                  :
LENWORTH PARKE,                   :
                                  :   Civil No. 10-4673 (JBS)
              Petitioner,         :
                                  :
         v.                       :
                                  :        OPINION
MARK A. KIRBY, ACTING WARDEN,     :
                                  :
              Respondent.         :
                                  :
```

**APPEARANCES**:

    **LENWORTH PARKE**, Petitioner pro se
    #04432-052
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**SIMANDLE, District Judge**:

    Petitioner, Lenworth Parke, a federal prisoner confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal conviction.  Petitioner names as party respondent, Acting Warden Mark A. Kirby, as the person having custody over him pursuant to 28 U.S.C. § 2242.

    This Court has reviewed the petition, and for the reasons set forth below, will dismiss this habeas action for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.

I. BACKGROUND

The following facts are taken from the petition and the motion for leave to file a supplemental pleading, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of petitioner's allegations.

Petitioner states that he was convicted on or about May 28, 1993, in the United States District Court for the Northern District of New York, on charges of murder (of a federal law enforcement officer), conspiracy to distribute cocaine, possession with intent to distribute cocaine, and use of a firearm in a drug trafficking crime.  He was sentenced to life imprisonment.  Petitioner filed a direct appeal before the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on September 8, 1994.  Petitioner then filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, on or about April 16, 1997.  His § 2255 motion was denied on April 27, 1998.  The Second Circuit affirmed the denial of the § 2255 motion on or about January 17, 2002.

Petitioner filed this § 2241 habeas petition on or about September 13, 2010.  He claims that he is illegally incarcerated in violation of his right to due process because the "Pinkerton instruction" given to the jury at trial was unconstitutional.  Petitioner also claims that the federal court did not have jurisdiction to try him for the murder of Officer Howard, and

that he is factually innocent.  He bases his claim of factual innocence on the ground that his trial and appellate counsel were ineffective in violation of his Sixth Amendment rights.

## II.   DISCUSSION

A.   Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B.  <u>Jurisdiction</u>

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he had filed an earlier § 2255 motion, which was denied, because he is factually innocent.  It appears that Petitioner contends that relief under § 2255 is "inadequate or ineffective."  <u>Cf</u>. <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir.1997).

As noted by the United States Court of Appeals for the Third Circuit in <u>Dorsainvil</u>, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.[1]  <u>See</u> <u>also</u> <u>Chambers v. United States</u>, 106 F.3d 472, 474 (2d Cir. 1997); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977); <u>United States v. Walker</u>, 980 F. Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Generally, challenges to the validity of a federal conviction or sentence by motions under § 2255 must be brought before the Court which imposed the sentence.  <u>See</u> 28 U.S.C. § 2255; <u>Davis v. United States</u>, 417 U.S. 333 (1974);

---

[1] As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  <u>See</u> 28 U.S.C. § 2255; <u>Davis v. United States</u>, 417 U.S. 333, 343-44 (1974); <u>United States v. Hayman</u>, 342 U.S. 205, 219 (1952).

4

Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or

5

ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review. 119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, Petitioner bases "his factually innocent claim on fact that his trial and appellant counsel [were] ineffective." (Petition at pg. 8). He claims that trial counsel was ineffective for allowing the court to give a "Pinkerton" instruction to the jury, because such instruction relieved the Government of proving an essential element of the offenses, namely, knowledge, willful participation, premeditation, and malice aforethought, or the mens rea as to Counts Six, Seven and Eight of the indictment related to the murder of Officer Howard. (Id., at pp. 8 and 9). Petitioner does not cite any retroactive change in substantive law that would negate the criminality of his conduct; nor does he demonstrate that he had no other

6

opportunity to seek judicial review. He also does not contend that there is "newly discovered evidence" that would negate his conviction. See 28 U.S.C. § 2255(e)(2)(A)(ii).

Petitioner's claim of actual innocence, as alleged, fails to warrant habeas relief in this instance. A freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court. See House v. Bell, 547 U.S. 518 (2006); Baker v. Yates, 2007 WL 2156072 (S.D. Cal. July 25, 2007) ("In practice, however, the Supreme Court has never explicitly held that a freestanding innocence claim is available during habeas review, even in a death penalty case."). In a noncapital case such as this, an assertion of actual innocence is ordinarily "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed. 2d 203 (1993); Whitby v. Dormire, 2 Fed. Appx. 645, at *1 (8th Cir. 2001); Mansfield v. Dormire, 202 F.3d 1018, 1023-24 (8th Cir. 2000).

In House, the United States Supreme Court was presented with a freestanding claim of innocence, but it "decline[d] to resolve this issue." House, 547 U.S. at 555. The Supreme Court did, however, provide some insight into what might be required to prove such a claim. Id. (noting, "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it."). The Court recognized, as it did in Herrera,

7

that the standard for any freestanding innocence claim would be "'extraordinarily high,'" id. (quoting Herrera, 506 U.S. at 417), and it would require more than the showing required to make a successful gateway innocence claim.  Id. at 555 ("The sequence of the Court's decisions in Herrera and Schlup[2]-first leaving unresolved the status of freestanding claims and then establishing the gateway standard-implies at the least that Herrera requires more convincing proof of innocence than Schlup.").  Even assuming that such a freestanding claim could be raised, Petitioner in this instance has not met or even approached an "extraordinarily high" standard here.

Petitioner's factual innocence claim is based only on the argument that his trial counsel was ineffective in allowing a Pinkerton instruction to the jury, which he claims relieved the Government of its burden of proof on an essential element of the crime, namely, mens rea.  Consequently, Petitioner has failed to allege facts sufficient to show that he is factually innocent of the crimes for which he was convicted.

Therefore, Petitioner is not entitled to relief on an "actual innocence" claim.  Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  He does not allege an intervening change in the law that renders non-criminal the crimes for which he was convicted.  Petitioner also fails to demonstrate any

---

[2] Schlup v. Delo, 513 U.S. 298, 327 (1995).

circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Therefore, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[3]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Based on Petitioner's failure to allege any of the predicate grounds permitting a second or successive § 2255 motion, this Court finds that it would not be in the interests of justice to transfer this Petition to the Second Circuit.  Accordingly, this Petition must be dismissed for lack of jurisdiction.

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case already has filed a § 2255 motion, which was addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

### III. CONCLUSION

For the reasons set forth above, this habeas action will be dismissed with prejudice for lack of jurisdiction, because it is a second or successive § 2255 motion challenging petitioner's federal sentence. An appropriate order follows.

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE
                                              United States District Judge

Dated: **April 20, 2011**